IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH KELSEY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br>Case No. 2:03-CR-321 TS |

This matter is before the Court for consideration of Defendant's Motion for Early Termination of Supervised Release.[1] For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

Defendant was indicted, on a Superseding Indictment on July 9, 2003, on one count of being a felon in possession of a firearm and one count of possession of methamphetamine with intent to distribute. Defendant entered a guilty plea to Count II of the Superseding Indictment on

---

[1]Docket No. 94.

1

January 31, 2005. Defendant was sentenced on April 11, 2005, to a period of 70 months custody with the Bureau of Prisons to be followed by a 48-month term of supervised release. Defendant was released from custody in October 2007 and now moves to terminate that supervision. The government has indicated that it does not object to the Motion.

In his Motion, Defendant states that he has been compliant with all terms of his supervised release. Defendant has remained drug free for nearly eight years. Defendant has been gainfully employed for three years and has been promoted to a supervisory position. Defendant is even helping to place released prisoners back in the work force. Defendant has resumed close ties with his family and the community. Defendant seeks to purchase a home, but cannot do so while under supervision. Consultation with Defendant's supervising officer confirms that Defendant has remained compliant with the terms of his supervised release.

## II. DISCUSSION

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Having considered these factors, reviewed the docket and case file, and consulted with Defendant's supervising officer, the Court finds that early termination of Defendant's term of supervised release is both warranted by the conduct of the offender and in the interest of justice.

## III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 94) is GRANTED.  It is further

ORDERED that Defendant's term of supervised release shall be terminated effective immediately and this case shall be closed.

SO ORDERED.

DATED   January 20, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge